IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILBERTO MELENDEZ,<br><br>   *Plaintiff*,<br><br> v.<br><br>CHERYL STEBERGER, *et al.*,<br><br>   *Defendants*. | Case No.  2:20-cv-02635-JDW |

### MEMORANDUM

This Court has cautioned parties, several times, that overcoming the common law right of public access to judicial materials requires a specific showing of harm. Nonetheless, the Lancaster County Defendants have asserted that the disclosure of two prison policies will cause harm without any specific showing. That failure on their part would be enough for the Court to reject their request to maintain the documents under seal. But the Court is mindful of the possibility that its ruling will put prison authorities in danger. So it has done its best to channel Andy Dufresne and determine how, if at all, a prisoner might use the information in the prison policies at issue to undermine prison security. The Court will allow only the narrow parts of the policies that might cause such harm to remain under seal.

I.  BACKGROUND

Mr. Melendez has been a pre-trial detainee at Lancaster County Prison since 2018. Two years into his confinement, he filed the first of multiple *pro se* complaints alleging a variety of constitutional violations stemming from the conditions of his confinement. The Court has since appointed counsel. On April 20, 2022, Mr.

Melendez's counsel filed a Fourth Amended Complaint. As amended, the Complaint asserted First, Fourth, and Fourteenth Amendment claims against Defendants from Lancaster County Prison ("LCP") and the Lancaster County Police Department ("LCPD").

Mr. Melendez received two of the exhibits to the Fourth Amended Complaint, Exhibits C and D, from LCP in discovery. LCP marked each document "Confidential" pursuant to the Court's Discovery Confidentiality Protective Order. Exhibit C sets forth LCP's policies governing "Classification of Inmates" and Exhibit D sets forth its policies for "Security [on the] Ground Floor [of the] Area 02 Housing Unit." (ECF Nos. 135-3 and 135-4.)

In accordance with their confidential designation, Mr. Melendez moved to file these documents under seal. On May 11, 2022, the Court noted that Mr. Melendez did not make the required showing to file Exhibits C and D under seal, but given the importance of prison security, invited a response from the LCP Defendants. On May 17, 2022, the LCP defendants filed their Response In Support Of Motion To Seal. They also seek leave to file their Memorandum of Law under seal. The Court now turns its attention to the sealing motions.

## II.   LEGAL STANDARD

The common law presumes that the public has a right of access to judicial materials. *See In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome the common law presumption, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work

a clearly defined and serious injury to the party seeking closure. *See id*. Under Third Circuit law, a party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

### III.   DISCUSSION

The LCP Defendants fail to make the showing required under *Avandia* to support sealing either Exhibit C or Exhibit D. On both, their broad allegations of harm lack the specificity necessary to overcome the common law presumption of access to judicial materials. It is not enough to say, as the LCP Defendants do, that disclosure of a policy could pose a risk to prison security "to the extent it can be manipulated" or permits an inmate to "identify[] and manipulat[e] any weak points in security." (ECF No. 144 at 3.) Those are the sorts of broad allegations lacking in specific reasoning that the Third Circuit forbids. That level of generality means that the LCP Defendants have not shown a basis to seal the exhibits or their supporting brief. Nevertheless, because of its sensitivity to the needs of prison officials to maintain prison security, the Court will review each document with an eye for potential harm that may result from its disclosure.

The LCP Defendants have not specified, nor can the Court identify, any harm that would result from the disclosure of Exhibit C. That document details the objective criteria that LCP officials use to classify inmates by the security risk each inmate poses. In support of their sealing request, the LCP Defendants note that "while portions of the classification status are objective, to the extent it can be manipulated, there is a security concern." (*Id*.) But the LCP Defendants do not point to any portion of the

classification status that is not objective, and the Court cannot identify any way an inmate could manipulate his status. Thus, the harm alleged, that inmates "could gain access to areas where they are not permitted based on a manipulation of their classification status" lacks the support required to support sealing. (*Id*.)

Exhibit D outlines the procedures LCP Correctional Officers should follow when supervising inmates, granting access to materials, and conducting searches. The LCP Defendants fail to specify what weak points or security flaws the disclosure of this document might expose. Based on the Court's independent reading, the only section of this document that could pose a security risk is Section III.13., dealing with inspections of cells and common areas. Inmates who know how often and where LCP authorities will search each shift might be more able to evade those searches and pose a risk to prison security as a result. The Court cannot identify any other section of Exhibit D that should be placed under seal.

## IV. CONCLUSION

Because the LCP Defendants did not make a specific showing, it is up to the Court to weigh the competing interests of prison security and public access to Court documents. It has done that based on its own expectation of the use a prisoner could make of the information in the policies at issue. An appropriate Order follows.

BY THE COURT:

June 22, 2022

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.